IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION TO DISMISS** |
| vs. | ) | |
| | ) | |
| Victor M. Villalta, | ) | Case No. 1:10-cr-021-2 |
| | ) | |
| Defendant. | ) | |

_____

Before the Court is the Defendant's motion to dismiss filed on November 19, 2010. See Docket No. 66. The Government filed a response in opposition to the motion on December 3, 2010. See Docket No. 73. The Defendant's motion is denied for the reasons set forth below.

The defendant, Victor M. Villalta, was indicted in federal court for conspiracy to possess with intent to distribute and distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. See Docket No. 1. The indictment alleges that from in or about August 2009 through October 2009, Victor M. Villalta and the co-defendants, Joshua Demarcinco and Michael Paul Streeper, did knowingly and intentionally combine, conspire, confederate, and agree together with others, both known and unknown to the grand jury, to possess with intent to distribute and distribute 5 grams or more of methamphetamine, a Schedule II controlled substance.

Villalta contends that the Court should dismiss this action because his rights under the Federal Speedy Trial Act and the Sixth Amendment have been violated. In making his argument, Villalta contends there were insufficient reasons for the Court to grant co-defendant Streeper's motion to continue the trial, the Court did not state its reasoning with proper specificity for granting the continuance, and Villalta has suffered prejudice from the continuance of trial.

Under 18 U.S.C. § 3161(c)(1), a defendant must be brought to trial within 70 days of either the filing of the indictment or information, or the defendant's first appearance in the court in which the charge is pending, whichever occurs last. Certain periods of delay shall be excluded in computing the time within which the trial must commence, which include the following:

> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to --
>
> > . . . .
> >
> > (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
>
> . . . .
>
> (6) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.
>
> > (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
> >
> > > (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
> > >
> > > (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel

> questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h).

In this case, Villalta made his first appearance in court before Magistrate Judge Charles S. Miller, Jr. on April 27, 2010. See Docket No. 26. On June 25, 2010, co-defendant Demarcinco, the last defendant to be arrested, made his initial appearance before Judge Miller. See Docket No. 35. Trial was set to commence on August 31, 2010.

On August 4, 2010, Villalta filed a "Demand for Speedy Trial." See Docket No. 43. On August 16, 2010, co-defendant Streeper filed a motion to continue the trial. See Docket No. 46. Villalta filed an "Objection to Defendant Michael Paul Streeper's First Motion to Continue Trial" on August 18, 2010. See Docket No. 49. Villalta argued that any continuance would violate his right to a speedy trial under the Sixth Amendment and the Speedy Trial Act and that he would be prejudiced by a continuance. Villalta requested that if a continuance is granted, the Court release him from custody pending trial and sever Villalta's trial from the other defendants so that he could proceed to trial on August 31, 2010.

On August 20, 2010, the Court granted Streeper's motion to continue, stating in part:

> The Court finds there is good cause to continue the trial and "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" pursuant to 18 U.S.C. § 3161(h)(7)(A). See United States v. Hohn, 8 F.3d 1301 (8th Cir. 1993); United States v. Driver, 945 F.2d 1410, 1414 (8th Cir. 1991). The Court has given careful consideration to the factors set forth in 18 U.S.C. § 3161(h)(7)(B). The Court finds that the parties have exercised due diligence to date but that a continuance is necessary to afford all parties, and particularly the moving defendant, reasonable time necessary for effective trial preparation. . . . All time which elapses from the date of this order until trial shall be excluded from any Speedy Trial Act calculation. See 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(iv).

See Docket No. 51. Trial was rescheduled to commence on December 20, 2010.

Villalta contends the speedy trial clock began to run on June 25, 2010 under 18 U.S.C. § 3161(c)(1) and 18 U.S.C. § 3161(h)(6). He concedes to a delay of the four days between the time Streeper's motion to continue was filed and the time the Court ruled on the motion. However, Villalta contends the time between the first trial date (August 31, 2010) and the time the continued trial is set to begin (December 20, 2010) is not properly excluded from the Speedy Trial Act's calculation. Villalta contends the 70-day time period expired no later than September 7, 2010.

The Court finds that the approximate four-month delay as a result of the continuance was reasonable and necessary to attempt a joint trial, and there has been no violation of the Speedy Trial Act. The Court need not provide "extensive elaboration" of its reasons for granting a continuance. United States v. Bonilla-Filomeno, 579 F.3d 852, 857 (8th Cir. 2009) (holding that the district court's finding was sufficient where the district court referenced one of the factors to consider when granting a continuance).

The Court further finds that there has been no violation of Villalta's rights under the Sixth Amendment. The Court has carefully considered the factors to be assessed under United States v. Jenkins-Watts, 574 F.3d 950, 966 (8th Cir. 2009). The length of the delay was not presumptively

4

prejudicial.  The reason for the delay was attributable to the continuance.  Prejudice to Villalta, if any, is minimal.

Accordingly, the Court **DENIES** Villalta's motion to dismiss (Docket No. 66) and motion for hearing (Docket No. 70)[1].

**IT IS SO ORDERED**.

Dated this 13th day of December, 2010.

>*/s/ Daniel L. Hovland*
>Daniel L. Hovland, District Judge
>United States District Court

---

[1] Villalta requests a hearing on his motion to dismiss only if the United States or either of the co-defendants dispute the facts presented in Villalta's "Brief in Support of Motion to Dismiss."  No factual disputes exist.